# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TAMAIRA RIVERA,**

      **Plaintiff,**

**v.**                                                                                   **Case No: 6:23-cv-2113-DCI**

**UNITED STATES ATTORNEY GENERAL,**

      **Defendant.**

## ORDER

Plaintiff, a former Immigration Judge, brings claims against Defendant pursuant to Title VII, the Rehabilitation Act of 1973, and the Age Discrimination Act. Doc. 1. On March 27, 2024, the Court entered a Case Management Scheduling Order (CMSO) and set the deadline for discovery as March 7, 2025. Doc. 27. Pending before the Court are Plaintiff's Unopposed Expedited Motions for Alternative Service of Deposition Subpoena and Motions for a 14 Day Extension of Discovery. Docs. 32, 39 (the Motions). Plaintiff seeks to depose non-party Mary Cheng (Cheng),[1] the former Regional Chief Immigration Judge, Deputy Director of the Executive Office of Immigration Review (EOIR), and the Acting Director of EOIR. *Id*.[2] Plaintiff states, however, that she has been unable to serve Cheng with a deposition subpoena despite her efforts to do so. *Id*.

---

[1] Plaintiff claims that Cheng was a decision maker or played a role in the decisions at issue in this case. Doc. 32 at 1; Doc. 39 at 1 to 2.

[2] Plaintiff states that Cheng was removed from her position and is no longer an Agency employee. Doc. 32 at 2; Doc. 39 at 2.

Specifically, Plaintiff claims that she retained a private investigator to locate Cheng's address and, once the home address was obtained, Plaintiff scheduled the deposition for March 7, 2025. Doc. 32 at 2; Doc. 39 at 2. Plaintiff contends that a process server attempted to serve the subpoena on Cheng at her home address, but Cheng lives in an apartment building and a doorman would not allow the server to go to Cheng's apartment. *Id*. The process server gave the subpoena to the doorman with instructions to give the subpoena to Cheng. *Id*. The process server went back the next day and was "met with the same result." *Id*.[3] Accordingly, Plaintiff represents that "[t]here is no reasonable expectation that personal service can be affected on Ms. Cheng" and service via certified mail is "reasonably calculated to ensure receipt of the subpoena by the witness." *Id*.

The Motions are due to be granted. Service of a subpoena is governed by Rule 45. To properly effectuate service under Rule 45, the moving party must "deliver[ ] a copy to the named person." Fed. R. Civ. P. 45. "The majority position in the Eleventh Circuit is that personal service is not required by Rule 45." *Techtronic Industries Co. Limited v. Bonilla*, 2024 WL 3521193, at *2 (M.D. Fla. July 23, 2024) (citing *Saadi v. Maroun*, 2021 WL 8650800, at *1 (M.D. Fla. Mar. 22, 2021) (collecting cases supporting same)). "Instead, the key inquiry is whether service was 'reasonably calculated to ensure receipt of the subpoena by the witness.'" *Id.* (quoting *Saadi*, 2021 WL 9650800, at *1). "[W]here personal service cannot easily be obtained, a party may preemptively seek an order permitting alternative means of service." *Id.* (citing *Saadi*, 2021 WL 8650800, at *2).

---

[3] Plaintiff adds that "[t]he next day the process server was provided with Ms. Cheng's last known telephone number and with a photograph of Ms. Cheng." *Id*. The process server called Cheng's telephone numbers and also attempted service via mail. Doc. 32 at 6 to 7.

Based on the record, the Court finds that Plaintiff has demonstrated that personal service cannot be easily obtained. Plaintiff has described her unsuccessful attempts at contact with Cheng and the Court finds that it is appropriate to authorize service through alternative means. Also, Plaintiff's proposed method of service of service through certified mail is "reasonably calculate to ensure receipt of the subpoena by the witness." *See Diaz v. Chapters Health Sys., Inc.*, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) (finding that subpoenas could be served by Federal Express); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding proper service of subpoena by Federal Express and certified mail).

Based on the foregoing, the Court finds that there is good cause to grant Plaintiff's requests for an extension of the discovery deadline.

It is, therefore, **ORDERED** that:

1. Plaintiff's Motions (Docs. 32, 39) are **GRANTED**;

2. Plaintiff may serve a deposition subpoena on Cheng through certified mail. If Plaintiff serves Cheng in this manner, Plaintiff shall serve a copy of this Order with the deposition subpoena; and

3. the discovery deadline is hereby extended to March 21, 2025. The remainder of the CMSO remains in effect.

**ORDERED** in Orlando, Florida on March 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties