# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TAMAIRA RIVERA,**

        **Plaintiff,**

v.                                                  **Case No: 6:23-cv-2113-DCI**

**U.S ATTORNEY GENERAL,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without a hearing on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Amended Motion to Compel (Doc. 37)** |
| **FILED:** | **March 6, 2025** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff initiated this case against Defendant pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act, and the Fifth Amendment of the United States Constitution. Doc. 17. Plaintiff served First Requests for Production (RFP) and now moves to compel Defendant to produce comparator data. Doc. 37 (the Motion).

The Motion is due to be granted. Plaintiff states that she sought information related to hardship transfers, telework, and remote work of all immigration judges from 2021 but Defendant will not produce the comparator data. *Id*. at 2. Plaintiff adds "[d]ocumentary evidence and deposition testimony indicates that other immigration judges were approved for hardship transfer

or allowed to remotely work while teleworking[]" and she "seeks comparator data concerning approval of those requests." *Id*. at 1. Plaintiff does not specify which RFPs are the subject of the Motion, but a review of the attached documents reflects that RFP Nos. 5 and 6 relate to the comparator data. *See id*. at 2; 17 to 18.

Plaintiff's requests and Defendant's responses are as follows:

No 5. **Please produce all documents, including emails, that concern requests for hardship transfers by IJs and UCIGs from January 1, 2021 to Dec. 31, 2023**.

**Response**: Defendant objects to the request to the extent that is overbroad, unduly burdensome, seeks information that is irrelevant to any claim or defense in this case, and/or seeks information that is not proportional to the needs of the case. Defendant objects to this request as a fishing expedition and because it seeks documents or information that could be determined to be protected from disclosure by provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which would violate the privacy rights of individuals who are not a party hereto. Defendant further objects to the request to the extent it encompasses documents protected from disclosure by any privilege, including but not limited to the attorney client and deliberative process privileges, and/or the work product doctrine. Subject to and without waiving the foregoing objections, defendant will produce documents related to plaintiff's reasonable-accommodation request.

No 6. **Please produce all documents, including emails, that concern approval of request for hardship transfers by IJs and UCIJs from January 1, 2021 to Dec. 31, 2023**.

**Response**: Defendant objects to the request to the extent that is overbroad, unduly burdensome, seeks information that is irrelevant to any claim or defense in this case, and/or seeks information that is not proportional to the needs of the case. Defendant objects to this request as a fishing expedition and because it seeks documents or information that could be determined to be protected from disclosure by provisions of the Privacy Act, 5 U.S.C. § 552a, disclosure of which would violate the privacy rights of individuals who are not a party hereto. Defendant further objects to the request to the extent it encompasses documents protected from disclosure by any privilege, including but not limited to the attorney client and deliberative process privileges, and/or the work product doctrine. Subject to and without waiving the foregoing objections, defendant will produce documents related to plaintiff's reasonable-accommodation request.

*Id*. at 17 to 18.

In the response in opposition to Plaintiff's request to compel the data, Defendant complains that Plaintiff seeks "nationwide discovery" of an "unspecified number of individuals who are not proper comparators" as they are "in a different job category with different responsibilities—Immigration Judge (IJ)—than Plaintiff." Doc. 38 at 1 to 2. Defendant argues that the IJ and UCIJ are materially different positions, Plaintiff was not an immigration judge, Plaintiff had duties distinct from immigration judges, and, therefore, the comparator data is not for individuals "similarly situated in all material respects." *Id*. at 2.

These arguments sound like Defendant contends that Plaintiff's requests are overly broad or irrelevant, which are objections Defendant asserted in the responses to RFP Nos. 5 and 6. Defendant, however, raised these objections in an improper boilerplate manner and they are, therefore, deemed waived. *See Asphalt Paving Sys., Inc. v. General Combustion Corp.*, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections.") (citation omitted); *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.") (citations omitted); *Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) ("Disappointingly, attorneys who are supposed to know better continue to preface their discovery responses with boilerplate, general objections . . . which serve no purpose other than to waste the reader's time.").

As to Defendant's response that the requests are fishing expeditions because they seek documents that "could be determined to be protected from disclosure by provisions of the Privacy Act," Defendant does not raise this objection in the response to the Motion. *See* Doc. 38. And "[o]bjections asserted that are not addressed in a response to a motion to compel are deemed to

have been abandoned." *Cates v. Zeltiq Aesthetics, Inc.*, 2020 WL 13413676, at *2 (M.D. Fla. Dec. 4, 2020) (citing *Jackson v. Geometrica, Inc.*, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) ("[w]hen ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned."); *Auto Owners Ins. Co. v. Totaltape, Inc.,* 135 F.R.D. 199, 201 n. 1 (M.D.Fla.1990) (finding abandoned initial objection not subsequently discussed in response to motion to compel). Accordingly, to the extent Defendant originally objected to Requests Nos. 5 and 6 on the basis that the requested documents could be protected from disclosure under the Privacy Act, Defendant has abandoned that objection.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 37) is **GRANTED**;

2. **on or before April 7, 2025**, Defendant is directed to respond to RFP Nos. 5 and 6;

3. to the extent materials responsive to this request are subject to a valid privilege, Defendant shall provide a privilege log in compliance with Fed.R.Civ.P. 26(b)(5); and

4. the Court finds that reasonable expenses should not be assessed because other circumstances make the award unjust. *See* Fed.R.Civ.P. 37(a)(5)(A).

**ORDERED** in Orlando, Florida on March 24, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE